IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROGELIO REYES                                                    PETITIONER

    V.                                    No.  01-2015

RAY HOBBS, Director
Arkansas Department of Correction                                RESPONDENT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Motion for

Relief from Final Judgment (ECF No. 24) filed August 29, 2013 pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure. The State filed its Response (ECF No. 26 ) on September 13,

2013.  The above matter was referred to the undersigned on January 7, 2014.  The  Petitioner has

also filed a Motion for Evidentiary Hearing (ECF No. 28) on January 13, 2014 to which the

Defendant Responded (ECF No. 29) on January 27, 2014.

## I. Background

On February 22, 1996, a Sebastian County, Arkansas jury found petitioner guilty of

possession of cocaine with intent to deliver, possession of drug paraphernalia and possession of

marijuana.  He was sentenced to life imprisonment, thirty years and one year imprisonment,

respectively (Exhibit 1).  Petitioner sought reversal of his convictions on direct appeal to the

Arkansas Supreme Court. Finding no error, the court affirmed petitioner's convictions on

September 19, 1997. *Reyes v. State,* 329 Ark. 539, 954 S.W.2d 199 (1997).

On November 13, 1997 the Defendant filed a Motion for Extension of Time to File

-1-

Petition for Post-Conviction Relief Pursuant to Arkansas Rules of Criminal Procedure, Rule 37. (Exhibit 2). In May 1998 the Petitioner sent a letter to the Circuit Clerk inquiring about the status of his Motion (Exhibit 3) and the clerk responded that their office had "no response" on the motion. (Exhibit 4).  It appears that the court made no ruling on the Petitioner's motion.[1]

On March 7, 2000 the Petitioner filed a Rule 37 Post Conviction Petition (Exhibit  6) and an on the same day an Amendment (Exhibit 7) to the Petition.  On March 10, 2000 the Circuit Court ruled that the Petition was filed out of time and Dismissed the Petition. (Exhibit 8). The Petitioner appealed the ruling of the Circuit Court but the Supreme Court of Arkansas affirmed on December 2, 2000 (Exhibit 9)

On January 1, 2001 the Petitioner filed a Petition for a writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Exhibit 10) and attached a copy of the Rule 37 Petition he had filed in Sebastian County Circuit Court. On June 1, 1001 a Report and Recommendation was issued finding the Petitioner had procedurally defaulted his Rule 37 claim and that his claim was barred by the limitations period imposed by the statute. (Exhibit 11).  The R&R was adopted by the District Judge and the Petition was dismissed on June 28, 2001. (Exhibit 12).  The Petitioner attempted to filed an untimely appeal which was denied by the court.  The District Court's Order denying the Petitioner a belated appeal was affirmed by the 8th Circuit Court of Appeals on March 22, 2002. (Exhibit 13).

The Petitioner filed the current Motion for Relief from Final Judgment (ECF No. 24) on

---

[1]The court notes that the 12th Judicial Circuit for Arkansas was split as of January 1, 1997 and thereafter the 12th Judicial Circuit was composed of Sebastian County and Crawford County formed the 21st Judicial District and the judge that presided over the Petitioner's trial became the judge for the 21st Judicial Circuit. (Exhibit 5).

August 29, 2013 pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the State has responded, and the matter was referred to the undersigned on January 7, 2014 and is ready for report and recommendation.

## II.  Discussion

### A.  Rule 60(b)

Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances. Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with AEDPA. *Gonzalez v. Crosby*, 545 U.S. at 529, 125 S.Ct. 2641; see also 28 U.S.C. § 2254; Fed.R.Civ.P. 81(a)(4).  The Rule provides that on " motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for a number of specified reasons and "any other reason that justifies relief."  (Fed. Rules of Civil Procedure, Rule 60(b)(6)).

Supreme Court cases have required a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment.  See *Gonzalez v. Crosby*  545 U.S. 524, 535, 125 S.Ct. 2641, 2649 (U.S.,2005) citing  *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950); accord, id., at 202, 71 S.Ct. 209; *Liljeberg*, 486 U.S., at 864, 108 S.Ct. 2194; id., at 873, 108 S.Ct. 2194 (REHNQUIST, C. J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved").

The Petitioner is contending that the court erred when it determined that his claim was procedurally defaulted because he did not properly file his Rule 37 Petition in state court. ECF No. 25, p. 1).

Ineffective Assistance of Council claims in Arkansas can only be raised in post conviction proceeding under a Rule 37 petition and must be filed within 60 days of the date the mandate is filed in the Arkansas appellate court. (Arkansas Rule of Criminal Procedure 37.2(c) (2010)). The Petitioner's appeal was affirmed on September 18, 1997 and on November 13, 1997 the Petitioner filed a Motion for extension of time to file his Rule 37 motion.  The Circuit Court made no ruling on the motion and did not inform the Petitioner that the motion could not be granted by the court.  The time limitations imposed in Criminal Procedure Rule 37 are jurisdictional in nature, and there is no provision in the rule for a belated petition and the a circuit court cannot extend the time to file a Rule 37 petition. *See Johnson v. State*  2000 WL 302639, 1 (Ark.) (Ark.,2000)*.

The Petitioner did not file his Rule 37 motion until 2000, well out of the statutory time, and, as a result, his Petition was dismissed in the trial court, and affirmed at the Arkansas Court of Appeal. The Arkansas Supreme Court has stated that "inasmuch as the time limitations imposed in Criminal Procedure Rule 37 are jurisdictional in nature, a circuit court cannot grant relief on an untimely petition".  *Hill v. State,* 340 Ark. 248, 249, 13 S.W.3d 142, 142 - 143 (Ark.,2000); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996); *Hamilton v. State*, 323 Ark. 614, 918 S.W.2d 113 (1996).

When the Petitioner attempted to raise his claims in federal court the State contended, inter alia, that his claims were procedurally defaulted.  The Magistrate Judge prepared an R&R which agreed that the Petitioner's claim was procedurally defaulted because the Rule 37 motion was not timely filed and that the Petitioner failed to show cause for the default. (Exhibit 11). The Magistrate Judge's opinion was well reasoned and her recommendation was based upon the

law existing at the time.  The State points out that the Supreme Court has held that when a federal habeas court adjudicates a petitioner's claim and arrives at an "interpretation that [is] by all appearances correct" under extant law, the fact that the Court later "arrive[s] at a different interpretation" is "hardly extraordinary[.]" *Gonzalez,* 545 U.S. at 526.

In March 2012 the United States Supreme Court decided Martinez v. Ryan which held in part that "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial."  *Martinez v. Ryan*  132 S.Ct. 1309, 1318 (U.S.,2012).

The U.S. Supreme Court in Coleman v. Thompson held that "Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas." *Coleman v. Thompson*  501 U.S. 722, 756-757, 111 S.Ct. 2546, 2568 (U.S.Va.,1991).  The Arkansas Supreme Court has held that the right to counsel ends in this state after the direct appeal of the original judgment of conviction is completed, and the State is not obligated to provide counsel in post-conviction proceedings.  *Hammon v. State*, 347 Ark. 267, 65 S.W.3d 853 (2002) citing *Fretwell v. State*, 290 Ark. 221, 718 S.W.2d 109 (1986) ( per curiam) and *Hardin v. State*  350 Ark. 299, 301, 86 S.W.3d 384, 385 (Ark.,2002).

The United States Supreme court revisited the procedural default issue in Trevino v. Thaler in 2013 and stated that they read Coleman "as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause"

consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective- assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding.*" Trevino v. Thaler* 133 S.Ct. 1911, 1918 (U.S.,2013) citing Martinez, supra, at ——, 132 S.Ct., at 1318–1319, 1320–1321.

The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion. *McCleskey v. Zant*, 499 U.S. 467, 490, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); see also *Coleman, supra*, at 730–731, 111 S.Ct. 2546; Sykes, 433 U.S., at 83, 97 S.Ct. 2497; *Reed v. Ross*, 468 U.S. 1, 9, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); *Fay v. Noia*, 372 U.S. 391, 430, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), overruled in part by Sykes, supra. These rules reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default. *See, e.g., Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); Reed, supra, at 16, 104 S.Ct. 2901.

While the Martinez/Trevino cases would mandate that a federal may excuse a procedural default where the state law did not require the appointment of counsel in initial-review collateral proceedings that does not mean that procedural change is to be applied retroactively.  The courts that have considered the issue have held that " Martinez 'qualifie[d] Coleman by recognizing a narrow exception' to that case's rule," and the Court itself "characterized its decision in Martinez as an 'equitable ruling,' and not a 'constitutional' one." See *Pagan-San Miguel v. U.S.* 736 F.3d 44, 45 (C.A.1,2013) citing *Adams v. Thaler,* 679 F.3d 312, 323 n. 6 (5th Cir.2012); *Buenrostro*

*v. U.S.* 697 F.3d 1137, 1139 (C.A.9,2012).  The courts seem clear that Martinez/Trevino would not constitute a new rule of constitutional law to extend the limitations under 2254 but the question still remains if it would be such an extraordinary circumstance as to extend the claim under Rule 60(b).

The 5th Circuit in Adams v. Thaler  has determined that it does not.  That court held because "the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6),  Adams's 60(b)(6) motion is without merit." *Adams v. Thaler* 679 F.3d 312, 320 (C.A.5 (Tex.),2012). Here, as in Adams, the district court correctly determined that Petitioner's 2254 motion was procedurally defaulted pursuant to the then-prevailing Supreme Court precedent of Coleman. In Martinez, the Supreme Court did not create a new rule of constitutional law; instead, it announced a new procedural rule by crafting of a narrow, equitable exception to Coleman 's holding.  The Supreme Court's doing so is not the kind of "extraordinary circumstance" that warrants relief under Rule 60(b). This is especially true in light of the facts of the current case where the Petitioner's 2254 motion was barred because of the limitations period within 2254.

**B.  Statute of Limitations:**

In addition to the Petitioner's 2254 Motion being denied because he has procedurally defaulted it was denied because of the limitations period.  The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct

-7-

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). See 28 U.S.C. § 2244(d)(1)

The Petitioner's conviction was affirmed by the Arkansas Supreme Court on September 18, 1997. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection (28 U.S.C.A. § 2244) but, as noted above, the Petitioner never lodged a properly filed post conviction motion and his judgment became final December 18, 1997. [2]  The Petitioner did not file his 2254 petition until January 8, 2001 (Exhibit 10) well beyond the limitations period.  The Petition could not have been considered by the court unless the court found equitable tolling existed.

**1. Equitable Tolling.**

The U.S. Supreme Court has established that "federal habeas review of [defaulted] claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

---

[2]The Supreme Court rules require that a petition for certiorari be filed within ninety days from the denial of discretionary review by a state court of last resort, *see* Sup.Ct.R. 13.1

result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Turnage v. Fabian*, 606 F. 3d 933 C.A. 8 (Minn.) 2010.

      A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources).

      **2. Prior Determination**

      The District Court made a through inquiry into why the Petitioner failed to file a timely petition by sending a questionnaire to the Petitioner.  The Petitioner's basic contention was that he could not obtain a copy of the transcript of the trial, but as the Magistrate Judge pointed out his contentions about ineffective assistance delt with issues that he was aware of without the necessity of a transcript.  Regardless, the District Court found that the Petitioner's lack of legal knowledge or resources did not constitute extraordinary circumstances such as  to justify tolling the limitations period. (Exhibit 11, p. 7).   The court notes that the Petitioner does not contend that he is attacking the court's ruling on the limitations issue but only on the issue of the court's ruling on the issue of procedural default.  No matter how sympathetically the court would look at

the Petitioner's claims his Petition would still be barred by the limitations period.

**C. Evidentiary Hearing:**

A petitioner is entitled to an evidentiary hearing on a habeas motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008. For the reasons stated above the Petitioner does not state grounds sufficient to require an evidentiary hearing. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000)

### III.  Conclusion

Based upon the forgoing I recommend that the instant Motion for Relief From Final Judgment (ECF No. 24) be **DENIED.**

The court further recommends that the Motion for Evidentiary Hearing be **DENIED.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this February 3, 2014

-10-

/s/ J. Marschewski

HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE